NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 9 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ANTHONY VERDUZCO, | No. 15-55640 |
| Petitioner-Appellant, | D.C. No. 8:11-cv-01804-GHK-SP |
| v. | |
| MARION SPEARMAN, Warden of the Correctional Training Facility in Soledad, California, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Argued and Submitted February 5, 2018
Pasadena, California

Before: CALLAHAN and NGUYEN, Circuit Judges, and PRATT,** District Judge.

Jose Anthony Verduzco ("Verduzco") murdered his live-in partner's

paramour, Miguel Angel Martinez-Jimenez ("Martinez-Jimenez"). A jury

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

convicted Verduzco of first-degree murder with a firearm enhancement in the Orange County Superior Court. The Superior Court sentenced Verduzco to twenty-five years to life on the murder charge and a consecutive twenty-five-years-to-life term for the use of a firearm in committing the murder. The California Court of Appeal denied Verduzco relief on all his claims, the California Supreme Court denied review, and the federal district court rejected his habeas corpus petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d).[1] Verduzco now argues that certain remarks the prosecutor made during the closing arguments of his trial denied him due process under the Fourteenth Amendment.[2] We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). Upon de novo review of the district court's denial of Verduzco's habeas petition, we affirm. *Gonzalez v. Brown*, 585 F.3d 1202, 1206 (9th Cir. 2009).

Verduzco argues that, during closing arguments, the prosecutor violated his due process rights. He alleges that the prosecutor (1) referred to voluntary manslaughter, with which the defendant was charged in addition to being charged

---

[1] "[U]nless the state court's adjudication of the claims resulted in a decision (1) contrary to, or involving an unreasonable application of, clearly established federal law, as determined by the [United States] Supreme Court, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding," AEDPA requires that a habeas petition be denied. *Gonzalez v. Brown*, 585 F.3d 1202, 1206 (9th Cir. 2009).

[2] Before this Court, Verduzco dropped his earlier-pressed claim of evidentiary insufficiency but retains his prosecutorial-misconduct claim.

with first-degree murder, as a "nothing charge"; (2) told the jury that it would not be able to justify its failure to convict Verduzco of first-degree murder with a firearm enhancement; (3) suggested to the jury that witnesses Cirilo Castaneda ("Castaneda") and Isadora Macias ("Macias"), who had testified against Verduzco, were telling the truth; and (4) pointed out to the jury that the defense's theory was not credible. Verduzco forfeited his third and fourth claims by not presenting them to the district court. *See United States v. Flores-Montano*, 424 F.3d 1044, 1047 (9th Cir. 2005). Even so, we conclude that all four of his claims lack merit.

None of the prosecutor's challenged comments, taken individually or cumulatively, constituted prejudicial misconduct under the Supreme Court's clearly established decisional law. *See Darden v. Wainwright*, 477 U.S. 168, 181–82 (1986); *see also Greer v. Miller*, 483 U.S. 756, 765 (1987). First, when the prosecutor called voluntary manslaughter a "nothing charge," he indicated that the jury's convicting Verduzco only of this lesser crime, instead of first-degree murder, would not adequately capture the gravity of his offense. Second, when the prosecutor told the jury it would be unable to justify its failure to convict Verduzco of first-degree murder, he did not shame the jury into convicting Verduzco but instead argued that a first-degree murder conviction better comported with the evidence. Third, the prosecutor was entitled to tell the jury that he thought Macias's and Castaneda's accounts were more believable. Moreover, the

3

prosecutor did not vouch for them with impermissible information. Fourth, the prosecutor was entitled to challenge the defense's "heat of passion" theory by arguing that classifying Verduzco's crime as a "heat of passion" crime would elide the important difference between manslaughter and first-degree murder. Furthermore, even if there was merit to Verduzco's claims, the prosecutor's remarks were not sufficiently prejudicial to undermine the fairness of the trial. *Darden*, 477 U.S. at 181–82. Finally, similar to the trial court in *Darden*, the trial court here instructed the jury to consider only the evidence properly presented to the jury; thus, the jurors were aware "that the arguments of counsel were not evidence." *Id*. at 182.

We conclude that the prosecutorial remarks did not "'so infect[] the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id*. at 181 (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

**AFFIRMED.**